Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
pcambria@lglaw.com

Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
emccampbell@lglaw.com

James C. Grant (WA 14358, admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Telephone:  (206)662-3150
Facsimile:  (206)757-7700
Email:  jamesgrant@dwt.com

Robert Corn-Revere (DC 375415, admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Telephone:  (202)973-4200
Facsimile:  (202)973-4499
Email:  bobcornrevere@dwt.com

*Attorneys for Defendant Michael Lacey*

Thomas Henry Bienert , Jr.  (CA 135311, admitted *pro hac vice*)
BIENERT MILLER & KATZMAN PLC
903 Calle Amanecer, Ste. 350
San Clemente, CA 92673
Telephone:  (949)369-3700
Facsimile: (949)369-3701
Email: tbienert@bmkattorneys.com

*Attorneys for Defendant James Larkin*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E Camelback Rd., Ste. 160
Phoenix, AZ 85016
Telephone:  (602)257-0135
Facsimile:  (602)954-8737
Email: bf@federlawpa.com

*Attorneys for Defendant Scott Spear*

Michael D. Kimerer (AZ 002492)
KIMERER & DERRICK PC
1313 E Osborn Rd., Ste. 100
Phoenix, AZ 85014
Telephone:  (602)279-5900
Facsimile:  (602)264-5566
Email: MDK@kimerer.com

*Attorneys for Defendant John Brunst*

K.C. Maxwell  (CA 214701, admitted *pro hac vice*)
BROWNE GEORGE ROSS LLP
101 California St., Ste. 1225
San Francisco, CA 94111
Telephone:  (415)391-7100
Facsimile:  (415)391-7198
Email: kmaxwell@bgrfirm.com

*Attorneys for Defendant Dan Hyer*

Michael L Piccarreta   (AZ 003962)
PICCARRETA DAVIS KEENAN FIDEL PC
2 E Congress St., Ste. 1000
Tucson, AZ 85701
Telephone:  (520)622-6900
Facsimile:  (520)622-0521
Email: mlp@pd-law.com

*Attorneys for Defendant Andrew Padilla*

Stephen M. Weiss (AZ 002261)
KARP & WEISS PC
3060 N Swan Rd.
Tucson, AZ 85712
520-325-4200
Facsimile: 520-325-4224
Email: sweiss@karpweiss.com

*Attorneys for Defendant Joye Vaught*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | NO. CR-18-00422-PHX-SPL (BSB) |
|---|---|
| Plaintiff, | DEFENDANTS' MOTION FOR DISCLOSURE OF DOCUMENTS RELATED TO PRETRIAL SEIZURE OF DEFENDANTS' ASSETS |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (First Request) (Oral Argument Requested) |

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or an order based thereon, as explained more fully below.

Defendants Michael Lacey, James Larkin, Scott Spear, John Brunst, Dan Hyer, Andrew Padilla, and Joye Vaught, by and through Paul J. Cambria, Jr., hereby move this Court for an order requiring the government to disclose any and all filings related to the government's pretrial seizure of Defendants' assets (whether assets owned directly or owned indirectly through entities they own and control) including, but not limited to, the seizure applications, seizure warrants, and forfeiture orders, as well as an accelerated hearing of the instant motion. This motion is based on the legal reasoning and authority set forth in the attached Memorandum of Points and Authorities.

1

RESPECTFULLY SUBMITTED this 11th day of May, 2018.

/s/     *Paul J. Cambria, Jr.*
LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Defendant Michael Lacey

/s/     *Thomas Henry Bienert, Jr.*
BIENERT MILLER & KATZMAN PLC
Attorneys for Defendant James Larkin

/s/     *Bruce S. Feder*
FEDER LAW OFFICE PA
Attorneys for Defendant Scott Spear

/s/     *Michael D. Kimerer*
KIMERER & DERRICK PC
Attorneys for Defendant John Brunst

/s/     *K.C. Maxwell*
BROWNE GEORGE ROSS LLP
Attorneys for Defendant Dan Hyer

/s/     *Michael L. Piccarreta*
PICCARRETA DAVIS KEENAN FIDEL PC
Attorneys for Defendant Andrew Padilla

/s/     *Stephen M. Weiss*
KARP & WEISS PC
Attorneys for Defendant Joye Vaught

2

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## INTRODUCTION

Defendants Michael Lacey, James Larkin, Scott Spear, John Brunst, Dan Hyer, Andrew Padilla, and Joye Vaught (collectively, "Defendants") respectfully move this Court to issue an order requiring the government to promptly disclose to Defendants the documents the government relied upon in seeking pretrial restraint of Defendants' assets (whether assets owned directly or owned indirectly through entities they own and control) including, but not limited to, seizure warrants, warrant applications, and forfeiture orders. The government has refused to promptly provide these documents to Defendants, which are critical to the Defendants' ability to move for the release of their assets under the First, Fourth, Fifth, and Sixth Amendments in addition to other grounds. Because the government's pretrial seizure of Defendants' assets is hampering Defendants' ability to defend themselves against the instant prosecution with counsel of choice, and in some cases, to meet their daily financial obligations, Defendants respectfully request that this Court hear the instant motion on an accelerated basis and grant the relief requested.

## BACKGROUND

### I.    The government arrests Defendants and seeks pretrial detention.

On April 6, 2018, the government arrested Defendants Lacey, Larkin, Brunst, Spear, and Vaught on the basis of the then-sealed indictment. (*See* Arrest Warrants, Docs. 48, 49, 50, 52.) The gist of the indictment, now unsealed, is that Defendants' former involvement with the web-publishing entity Backpage.com, LLC ("Backpage") was tantamount to the facilitation of prostitution and money laundering. (*See generally* Indict., Doc. 3.) The

government's theory is that Defendants should be held criminally liable for the content of advertisements posted to Backpage by third-party users by virtue of Defendants' prior involvement with the creation and/or operation of Backpage. (*See id*. at ¶¶ 1-16.) The government has charged Defendants with conspiracy to facilitate prostitution (18 U.S.C. §§ 371, 1952(a)(3)(A)), facilitation of prostitution (18 U.S.C. §§ 1952(a)(3)(A), (b)(1)(i)), conspiracy to commit money laundering (18 U.S.C. § 1956(h)), concealment money laundering (18 U.S.C. § 1956(a)(1)(B)(i)), international promotional money laundering (18 U.S.C. § 1956(a)(2)(A)), and transactional money laundering (18 U.S.C. § 1957). (*See id.* at ¶¶ 157-71.)

The initial appearance and arraignment for Defendant Lacey was held on April 6, 2018, at which he pleaded not guilty and was detained upon request of the government. (*See* Min. Entry, Docs. 17.) The initial appearance and arraignment for Defendant Larkin was held on April 9, 2018, at which he pleaded not guilty and was detained upon request of the government. (*See* Min. Entry, Docs. 25.) The government moved for pretrial detention of Defendants Lacey and Larkin, claiming that they presented risk of flight and danger to the community. (*See generally*, Gov't's Mots., Docs. 13, 22.) Defendants Lacey and Larkin, lifelong residents of Phoenix, who have received recognition for their journalism and contributions to the community, objected to the government's claims for the need for pretrial detention. (*See generally* Defs.' Opp'n, Docs. 23, 26.) Subsequently, the parties reached an agreement on Defendants' release, which the Court accepted. (*See* Min. Entries, Docs. 62-63.)

4

The initial appearance and arraignment for Defendant Vaught was held on April 6, 2018, at which she pleaded not guilty and was released. (*See* Min. Entry, Doc. 18.) The initial appearance and arraignment for Defendants Spear and Brunst was held on April 9, 2018, at which they pleaded not guilty and were released. (*See* Min. Entry, Doc. 30.) The initial appearance and arraignment for Defendants Hyer and Padilla was held on April 18, 2018, at which they pleaded not guilty and were released. (*See* Min. Entry, Doc. 109.)

**II.     The government seized the majority of Defendants assets prior to trial.**

The government has seized the vast majority of several of the Defendants' assets, even though Defendants must be presumed to be innocent of the crimes charged at this stage, and the conduct upon which the indictment is based involves presumptively protected First Amendment activities.

On May 1, 2018, Defendants learned that the government obtained pretrial restraint of their assets through civil forfeiture by obtaining seizure warrants in the Central District of California, even though Defendants and their assets, for the most part, are located in this District or in Texas, and the instant prosecution is pending in this District. It is unknown the extent to which the government has seized any of Defendants' assets through criminal forfeiture proceedings in this District or elsewhere.

The government's pretrial restraint of various of the Defendants' assets has hampered them from paying living expenses and funding the defense of the instant charges with counsel of choice, especially considering the government's representation that 7 to 9 million pages of documents will need to be reviewed. Defendants intend to move for release of their assets as soon as possible, in particular, for the release of any and all funds improperly

5

restrained, but they cannot do so without first obtaining the documents upon which the government sought the seizures.

**III.    The government refuses to promptly disclose any documents related to the pretrial restraint of Defendants' assets.**

On April 30, 2018, the parties appeared before the Court, at which point the Court entered the Scheduling Order for the instant prosecution. (*See* Min. Entry, Doc. 126; Scheduling Or., Doc. 131.) The next day, Defendants learned that the government had sought the pretrial restraint of Defendants' assets through *civil* forfeiture proceedings originating in the Central District of California.

In light of this development, Defendants immediately requested that the government disclose to Defendants the documents upon which the government relied in seeking its pretrial restraint of Defendants' assets. (A true and correct copy of Defendants' disclosure demand is attached hereto as Exhibit A.) The government declined to disclose the demanded documents, indicating that the documents were filed under seal, and would remain under seal until the government files its complaints in the civil forfeiture actions. Since then, the government indicated that it would provide defense counsel with bank records purportedly used by the government to trace Defendants' assets, but not the underlying documents used to effect the massive pretrial restraint of those assets.

Most recently, the government has claimed that the disclosure in this case—potentially 9 million pages of documents—is so onerous that the government cannot move along the initial production of documents to Defendants any sooner than the end of this month. Critically, Defendants have not asked for advance production of the *discovery*

underling the instant criminal action, other than as set forth in the Scheduling Order. Instead, Defendants seek disclosure of the documents that allegedly support the government's massive asset seizure as necessary for the protection of Defendant's fundamental constitutional rights, and so Defendants can fund their defense and pay their living expenses.

Defense counsel has requested that the government file an unopposed motion to unseal the civil forfeiture proceedings to provide defense counsel with the seizure warrants, warrant applications, and forfeiture orders. The government has not filed such a motion.

## ARGUMENT

### I.     The government's refusal to disclose the seizure warrants is indefensible.

Defendants do not have *any* of the documents upon which the government relied in seeking pretrial seizure of their assets. Without review of those documents, it is impossible for Defendants to move for release of their assets in any meaningful manner as Defendants would be speculating about the government's theories on seizure. Defendants even are in the dark on the docket number(s) assigned to the civil forfeiture actions and cannot take any action against the government's pretrial restraint in the appropriate forum without disclosure of the case caption(s), at the very least, which the government has refused to do. As a potential remedy to any sealing order, defense counsel has informed the government that Defendants have no objection to a motion to unseal the dockets or documents related to the government's pretrial restraint of Defendants' assets. However, no motion has been filed.

The government's continued refusal to promptly disclose the asset seizure documents to Defendants is unacceptable. First, the government's secret seizure of Defendants' assets, and the government's refusal to promptly provide any documentation relating to the seizures

7

deprives Defendants of due process. There can be no legitimate argument that disclosing the documents supporting the seizures now to Defendants would impair a criminal investigation, because the government has indicted the Defendants, the indictment has been unsealed, and the assets have been restrained.

Second, it is critical that the government provide these documents to defense counsel. It is believed that the government has seized assets that it is not entitled to seize and which are needed by the Defendants to support their defense and to fund their daily living expenses and pre-existing financial obligations. This is especially so considering the overarching First, Fourth, Fifth, and Sixth Amendment considerations which apply to this case. Defendants must have access to the seizure warrants, warrant applications, and the forfeiture orders to assess the propriety of the government's wholesale seizure of their assets. As the Ninth Circuit has explained, discoverable material that could reveal a Fourth Amendment Violation is material to a defense. *See United States v. Soto-Zuniga*, 837 F.3d 992, 1000 (9th Cir. 2016).

Indeed, the government has provided no reason as to why these documents should remain under seal. At the very least, these documents should be disclosed to defense counsel under a protective order, if a sufficient basis exists for a protective order, to enable defense counsel to provide meaningful representation to the Defendants, and to do so without unnecessary delay. There is simply no reason to delay the disclosure of these documents, except to interfere with Defendants' right to defend the charges in the Indictment and to impose undue financial pressure on Defendants. Nor for that matter, is there any reason to require, as the government maintains, that Defendants must litigate these issues in Los

Angeles when this indictment, Defendants, and the bulk of the assets seized are located in this District. No valid reason exists for proceeding in Los Angeles.

Finally, the sealing of documents in a federal proceeding is to be treated as the exception, not the norm. There is a presumption of openness with respect to judicial proceedings *and* judicial records. *See Press-Enter. Co. v. Sup. Ct. of Cal.*, 464 U.S. 501, 509 (1984) ("Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." (footnote omitted)); *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978) (recognizing a "general right to inspect and copy public records and documents, including judicial records and documents"). For this reason, documents may be sealed only if specific, on the record, findings are made that the sealing is necessary to preserve compelling government interests and is narrowly tailored to that interest. *See Press-Enter. Co. v. Sup. Ct. of Cal.*, 478 U.S. 1, 13-14 (1986). Consequently, if the government fails to demonstrate a compelling interest for the continued sealing of seizure documents, the sealing order must be vacated.

## II.   The government's wholesale seizure of Defendants' assets is subject to numerous constitutional challenges.

The Supreme Court has cautioned courts to scrutinize the pretrial restraint of a defendant's assets, describing pretrial restraint as the "nuclear weapon of the law." *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 329 (1999) (alteration omitted). Courts must safeguard the rights of a defendant whose assets have been restrained prior to trial because the defendant, at this stage, is presumed to be innocent. In

this case, there are numerous ways that the government's wholesale pretrial restraint of Defendants' assets has the potential to violate Defendants' constitutional rights.

First, the government has no authority to seize so-called untainted assets prior to trial. *See Luis v. United States*, 578 U.S. ___, 136 S.Ct. 1083, 1094 (2016) ("We have found no decision of this Court authorizing unfettered, pretrial forfeiture of the defendant's own 'innocent' property—property with no connection to the charged crime."); *cf. United States v. Ripinsky*, 20 F.3d 359, 363 (9th Cir. 1994) ("[S]ubstitute assets are not subject to pretrial restraint."). Consequently, any seizure of untainted assets is subject to challenge by Defendants as outside the scope of what is permissible under the civil and criminal forfeiture statutes at this stage.

The risk of seizure of so-called untainted assets is particularly troubling in this case because the government has acknowledged that it cannot show how much of the revenue generated by Backpage was attributable to advertisements allegedly for prostitution. (*See* Doc. 3 at ¶ 1 ("Backpage derives the overwhelming majority of its revenue from [prostitution] ads.").) Yet, the government has seized *all* of the revenue attributed to Backpage that was dispersed to Defendants, as well as assets not attributed to Backpage. Indeed, Defendants generated sizeable income, and acquired substantial assets, long before formation of Backpage as well as separate from Backpage after its creation. That income and those assets are not subject to pretrial restraint.

Second, each day Defendants' funds remain subject to pretrial restraint without any opportunity for the Defendants to be heard on the propriety of the government's seizure, a new due process violation occurs. It is beyond cavil that "[n]o person shall be . . . deprived

of life, liberty, or property, without due process of law." U.S. Const. amend. V. The touchstone of due process is that "a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." *Matthews v. Eldridge*, 424 U.S. 319, 348 (1976). Here, Defendants have been deprived of the opportunity to challenge the government's pretrial restraint of their assets.

Third, the government's wholesale seizure of the Defendants' funds violates the Sixth Amendment because defendants have "a Sixth Amendment right to use [their] own 'innocent' property to pay a reasonable fee for the assistance of counsel." *Luis*, 136 S.Ct. at 1096 (vacating order freezing the defendant's untainted funds).

Fourth, the government's seizure of Defendants' funds has violated their First Amendment rights, as will be fully set forth in Defendants' motion for the return of their seized assets. Review of the documents supporting the seizure is necessary to fully analyze the government's rationale, but the Indictment suggests that the government justified its actions based on Defendants' prior ownership of Backpage, and its presumption that all publishing activities related to Backpage were illegal. However, the First Amendment does not permit the government to presume illegality of a website's contents. *See, e.g.*, *Backpage.com, LLC v. Dart*, 807 F.3d 229, 234 (7th Cir. 2015). Moreover, the First Amendment does not permit pretrial seizure of a publisher's output (*i.e.*, books, website). *See Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46 (1989); *Adult Video Ass'n v. Barr*, 960 F.2d 781, 788 (9th Cir. 1992) (enjoining 18 U.S.C. § 1963(d) authorizing government action "to preserve the availability of property . . . for forfeiture"). These same principles constrain the government's ability to freeze assets that are alleged to be derived from "illegal"

11

publishing activities. *See Simon & Schuster, Inc. v. Members of the New York State Crime Victims Bd.*, 502 U.S. 105 (1991). The First Amendment does not permit seizing such assets even when it is assumed "the income escrowed . . . represents the fruits of crime." *Id.* at 118.

Fifth, in light of the fact that the government has sought the pretrial restraint of assets derived from Defendants' well-documented exercise of their First Amendment rights as assets purportedly traceable to the charged crimes, the seizure applications likely include statements which violate *Franks v. Delaware*, 438 U.S. 154 (1978). In the First Amendment context, however, even a showing of probable cause would be insufficient to support pretrial seizure that infringes constitutionally-protected interests. *See, e.g.*, *Fort Wayne Books*, 489 U.S. at 66; *Barr*, 960 F.2d at 788.

Even under the government's theory of the case, the risk of defective seizure warrants is particularly high with respect to its applications for the seizure of Defendants' assets. *Some*, but certainly not *all*, of Defendants' assets are attributable to the revenue generated by Backpage. Defendants had sizeable income unrelated to Backpage, including income earned long before formation of Backpage.

Even with respect to the funds attributable to revenue generated by Backpage, no court has ever held Defendants criminally liable for content posted to Backpage by third-party users. Instead, courts have uniformly rejected the same theories of liability the government pursues in the instant indictment. *See People v. Ferrer*, Case No. 16FE019224, 2016 WL 7237305 (Cal. Super. Ct. Dec. 16, 2016), No. 16FE024013 (Cal. Super. Ct. Aug. 23, 2017). Civil litigants have fared no better in the pursuit to hold the operators of web-publishing sites liable for the content posted to their sites by third-party users. *See Doe ex*

*rel. Roe v. Backpage.com LLC*, 104 F. Supp. 3d 149 (D. Mass. 2015), *aff'd sub nom.*, *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12 (1st Cir. 2016); *M.A. v. Village Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1053-54 (E.D. Mo. 2011) *see also Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 962-63, 967-68 (N.D. Ill. 2009).

As the Seventh Circuit explained, "Backpage is an intermediary between the advertisers of adult services and visitors to Backpage's website," and intermediaries "do not become liable for the sponsor's deeds" even if they "know the information's content." *Backpage.com, LLC v. Dart*, 807 F.3d 229, 234 (7th Cir. 2015), *cert. denied*, 137 S. Ct. 46 (2016). Even if a showing of probable cause were sufficient to seize Defendants' assets, the warrant applications would have to set forth specific facts alleging how the particular assets at issue are traceable to the crime charged, but cannot include the conclusory facilitation theory that has been rejected in criminal and civil actions nationwide. In light of the numerous decisions rejecting the facilitation theory as a ground for holding the Defendants liable for the content of third-party users, the inclusion of such allegations would constitute the inclusion of a statement of "deliberate falsehood" or made "with reckless disregard for the truth." *Franks*, 438 U.S. at 171.

Further, the government is not free to presume that *all* of the income attributable to Backpage constitutes proceeds of crime simply because the government is able to point to a handful of advertisements that it claims advertise prostitution. Under *Fort Wayne Books* and its progeny, no such presumption exists in the context of assets derived from a defendant's participation in First Amendment activities. Instead, the government must provide the court reviewing its warrant applications with proof that each dollar seized was attributable to a

13

charged crime and Defendants must be afforded the opportunity to challenge the government's proof at a hearing.

Sixth, Defendants have the right to challenge the government's seizures for failure to comply with the specific requirements for pretrial seizure set forth in the civil and criminal forfeiture statutes, and as mandated by the First, Fourth, Fifth, and Sixth Amendments.

In light of these constitutional challenges, Defendants intend to move for accelerated hearings on the government's seizure of their assets, including, but not limited to, a traceability hearing, a *Luis* hearing, and a *Franks* hearing.

## CONCLUSION

In light of the foregoing, Defendants move, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for an order requiring the government to expeditiously disclose the seizure warrants, seizure applications, and forfeiture orders to the defense. Any further delay in the government's disclosure will further undermine Defendants' First, Fourth, Fifth, and Sixth Amendment rights in this action. Further, because the violation of Defendants' constitutional rights compounds with each day that passes, Defendants respectfully request an accelerated hearing on the instant motion.

RESPECTFULLY SUBMITTED this 11th day of May, 2018.

PICCARRETA DAVIS KEENAN FIDEL PC

/s/     *Paul J. Cambria, Jr.*
LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Defendant Michael Lacey

/s/     *Thomas Henry Bienert, Jr.*
BIENERT MILLER & KATZMAN PLC
Attorneys for Defendant James Larkin

/s/     *Bruce S. Feder*
FEDER LAW OFFICE PA
Attorneys for Defendant Scott Spear

/s/     *Michael D. Kimerer*
KIMERER & DERRICK PC
Attorneys for Defendant John Brunst

/s/     *K.C. Maxwell*
BROWNE GEORGE ROSS LLP
Attorneys for Defendant Dan Hyer

/s/     *Michael L. Piccarreta*
PICCARRETA DAVIS KEENAN FIDEL PC
Attorneys for Defendant Andrew Padilla

/s/     *Stephen M. Weiss*
KARP & WEISS PC
Attorneys for Defendant Joye Vaught

On May 11, 2018, a PDF version
of this document was filed with the
Clerk of Court using the CM/ECF
System for filing and for Transmittal
of a Notice of Electronic Filing to the
following CM/ECF registrants:

Dominic Lanza, dominic.lanza@usdoj.gov
Kevin Rapp, kevin.rapp@usdoj.gov

16

# EXHIBIT A

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

May 1, 2018

VIA EMAIL

Dominic Lanza (Dominic.Lanza@usdoj.gov)
Kevin Rapp (Kevin.Rapp@usdoj.gov)
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

Re:    United States v. Lacey, et al.

Dear Dom and Kevin:

Please accept this as a formal request that the government provide all search/seizure warrants, affidavits, inventories, judicial petitions, or orders to the affected parties whose property has been seized and/or frozen or whose property has been the subject of a search and seizure.

I recognize that this does not apply to Mr. Padilla, but I am forwarding this communication in hopes that this will move the production along to the parties whose rights have been affected. I would request that this be done immediately so that the affected party can have access to the information and review it and make a determination as to what, if anything, needs to be done. Every day that goes by is a deprivation of an asset without a hearing that raises numerous legal and constitutional issues.

Sincerely,

Michael L. Piccarreta

MLP:mh
cc:    Tom Bienert (via email: tbienert@bmkattorneys.com)
Paul Cambria (via email: pcambria@lglaw.com)
Bruce Feder (via email: bf@federlawpa.com; fl@federlawpa.com)
Mike Kimerer (via email: mdk@kimerer.com)
Gary Lincenberg (via email: gsl@birdmarella.com)
KC Maxwell (via email: kmaxwell@bgrfirm.com)
Steve Weiss (via email: sweiss@karpweiss.com)