```
DAVID EISENBERG
DAVID EISENBERG, P.L.C.
3550 N. Central Avenue, Ste. 1155
Phoenix, Arizona 85012
Arizona State Bar No. 017218
Telephone: (602.237.5076)
Email: david@deisenbergplc.com
```

Attorney for Defendant Andrew Padilla

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Andrew Padilla,<br><br>    Defendant. | CR 18-00422-06-PHX-SMB<br><br>**DEFENDANT PADILLA'S NOTICE OF JOINDER IN DEFENDANTS LARKIN, LACEY, SPEAR AND BRUNST'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE AS NON-HEARSAY STATEMENTS**<br>**(Doc. No. 929)** |
|---|---|

Defendant Andrew Padilla, by and through undersigned counsel, hereby gives notice that he joins in Defendants Larkin, Lacey, Spear And Brunst's Response to Government's Motion *In Limine* To Admit Evidence As Non-Hearsay Statements (Doc. 929), which is docketed at Doc. No. 964. Padilla adopts all of the positions, factual and legal arguments set forth in the Defendants' response as if fully set forth herein.

In addition, Padilla emphasizes that in his position at Backpage he was not empowered to authorize anyone, including the attorneys, public relations and brand analysis firms listed in the government's motion, to make a statement on his behalf or on behalf of his employer. Nor was he in a position to have, nor did he have, a principal-agent relationship with any of the attorneys and firms listed in the government's motion. Moreover, he was not in a position to manifest his belief in the truth of statements made by these individuals or firms.

None of the attorneys listed in the government's motion as the source of unspecified statements it seeks to admit against Padilla were employed by him as his attorney, and he was not in a position to manifest his belief in the truth of their hearsay statements. Specifically as

to statements made by attorney Don Bennett Moon, the government contends that he was "authorized to make statements about all business matters related to Backpage" and that he "took an active role in managing Backpage's corporate strategy with respect to public relations and handling [] media backlash related to the company's publishing of prostitution advertisements." (Doc. 929, p. 5.) These statements, whatever they are, could not possibly have been authorized by Padilla since he had no part in engaging Moon to make business related statements, and he did not engage in corporate strategy with respect to public relations and the handling of "media backlash."

The government claims that ". . . *Defendants* authorized a review of Backpage's brand position" (*id.*, p. 6, emphasis supplied), inferring that all the Defendants authorized the brand analysis firms' statements. The government further argues that " . . .all statements by brand analysis and public relation firms constitute statements of a party's agent under Rule 801(d)(2)(D) and are therefore admissible *against each defendant* as if it were his own statement." (*Id.*, p.6, emphasis supplied.) However, Padilla did not have any contact with any brand analysis or public relations firm. They were not his agent in any conceivable way, and he did not – and could not – authorize them, directly or implicitly, to do or say anything. Consequently, any statements by these firms could not be admitted against him.

The third category of hearsay the government seeks to elicit are statements attributed to William Mersey ("Dollar Bill") and David Elms as claimed utterances by co-conspirators. (*Id.*, pp. 7-10.) Yet, with respect to Mersey, the government states that "*Defendants* advised Dollar Bill how to wordsmith ads so they would not be rejected by Backpage's moderators." (*Id.*, p. 8, emphasis supplied.) Padilla did not advise Dollar Bill of anything, including word smithing, and could not possibly be considered as a co-conspirator in this regard, since he was in charge of the moderators, the very segment that rejected the ads in the first place.

Moreover, Padilla had no contact at all with Elms. Therefore, Padilla could not have acted "in concert to achieve a common purpose" (*id.*, p. 9) with him. Indeed the emails attached to the government's motion, which it claims constitute statements from Elms to Ferrer to advance "the

2

reciprocal link program between Backpage and TER," furthering a "common objective of the conspiracy" (*id.*, pp. 9-10), make no mention of Padilla, in their content or as sender or receiver (directly or by courtesy copy).

As the Defendants articulate in their response, the government does not identify what statements should be admitted against which defendants. Moreover, the government's theories of admissibility, such as agency, adoptive admissions and co-conspirator statements, are way over-broad. In effect, the government throws a net into the air, hoping to bag Padilla, among others. This is unfair and highly prejudicial to Padilla. The government has not sustained its burden and its motion to admit the hearsay evidence it proposes, undefined as it is, should be denied.

Respectfully submitted this 17th day of May, 2020.


*s/ David Eisenberg*

DAVID EISENBERG
Attorney for Andrew Padilla

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp, Kevin.Rapp@usdoj.com
Margaret Wu Perlmeter, Margaret.perlmeter@usdoj.gov
Reginald E. Jones, reginald.jones4@usdoj.gov
Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov
Andrew C. Stone, andrew.stone@usdoj.gov
John Jacob Kucera, john.kucera@usdoj.gov

Paul J. Cambria, pcambria@lglaw.com
Erin E. McCampbell, emccampbell@lglaw.com
Thomas H. Bienert, Jr. tbienert@bienertkatzman.com
Whitney Z. Bernstein, wbernstein@bienertkatzman.com
Ariel A. Neuman, aan@birdmarella.com
Gary S. Lincenberg, glincenberg@birdmarella.com
Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com
Bruce S. Feder, bf@federlawpa.com
Joy Malby Bertrand, joyous@mailbag.com

1
2
3   *s/ David Eisenberg*
      David Eisenberg
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28